ELIAS M. KUTTNER, Respondent, v. LINDELL RAILWAY COMPANY *et al.*, Appellants.

St. Louis Court of Appeals, February 28, 1888.

1. NEGLIGENCE—STREET CAR COLLISION.—Where two street railways cross each other at right angles and a collision occurs between cars of the two roads, it appearing from the evidence that the driver or gripman of either car could have seen the approach of the other in time to avoid a collision by stopping his own car, the question of culpable negligence, in either or both, is properly left to the jury.

2. ——— INJURED PASSENGER'S RESPONSIBILITY.—The rights or responsibilities of a passenger injured in a street railway collision are not affected by the negligence of the driver of the car in which he is riding.

APPEAL from the St. Louis Circuit Court, HON. GEORGE W. LUBKE, Judge.

*Affirmed.*

DYER, LEE & ELLIS, for the appellant, Lindell Railway Company.

M. F. TAYLOR, for the appellant, Cable Railway Company: It is the duty of the common carrier to transport its passengers with safety, if that result can be obtained by the exercise of the utmost human skill, foresight, and diligence. Story on Bailments, sec. 601; *Lemon v. Chanslor*, 68 Mo. 340; *Gilsinn v. Railroad*, 76 Mo. 282; *Leslie v. Railroad*, 88 Mo. 50; *Hipsley v. Railroad*, 88 Mo. 348. The common carrier is liable only for the want of ordinary care towards other than its passengers. *Doss v. Railroad*, 59 Mo. 29; *Conway v. Reed*, 66 Mo. 346. The allegation and proof that the passenger was injured in a collision between his carrier's conveyance and that of a third party, which collision could have been avoided by the exercise of proper diligence on the part of his carrier, preclude his recovery as against the third party. *Thorogood v. Bryan*, 8 C. B. 31; *Bridge v. Railroad*, 3 M. &. W. 244; *Lockhart v. Lichtenthaler*, 46 Pa. 151; *Child v. Hearn*, 9 Exch. 176; *Armstrong v. Railroad*, 10 Exch. 47; *Catlin v. Hills*, 8 C. B. 126; "*The Benina*," 11 P. D. 31; *Simpson v. Hand*, 6 Wh. 311; *Railroad v. Boyer*, 97 Pa. 91; *Smith v. Smith*, 2 Pick. 621; *Railroad v. Ferry*, 8 Ohio, 570; *Puterbaugh v. Reasor*, 9 Ohio, 484; *Bryan v. Railroad*, 31 Barb. 335; *Nichols v. Railroad*, 27 Up. C. 382; *Payne v. Railroad*, 39 Iowa, 523; *Railroad v. Miller*, 25 Mich. 274; *Carlisle v. Sheldon*, 38 Vt. 440; *Peck v. Railroad*, 50 Conn. 379; 14 Am. & Eng. Ry. Cases, 633; *Railroad v. Goddard*, 25 Me. 185. The negligence of the person in charge will be imputed to an infant. *Waite v. Railroad*, 96 Eng. C. L. 728; *Houfe v. Fultot*, 29 Wis. 296; *Prideaux v. Mineral Point*, 43 Wis. 513; *Payne v. Railroad*, 39 Iowa, 523; *Railroad v. Miller*, 25 Mich. 247; *Holly v. Railroad*, 8 Gray, 132; *Railroad v. Straton*, 78 Ill. 88; *Leslie v. Lewiston*, 62 Me. 468; *City of Joliet v. Seward*, 86 Ill. 406; *Hateway v. Railroad*, 46 Ind. 25; *Stilson v. Railroad*, 67 Mo. 671; *Donahue v. Railroad*, 83 Mo. 560; Smith's Leading Cases (3 Eng.

Ed.) 366; Thompson on Carriers, 284; *Chapman v. Railroad*, 19 N. Y. 341; *Bennett v. Railroad*, 36 N. J. Law, 225.

JOSEPH DICKSON and ELENEIOUS SMITH, for the respondent: The *Thorogood* case has been severely criticised by many English judges, and has been dissented from by a great majority of the American courts. *Cuddy v. Horn*, 46 Mich. 596; *Chapman v. Railroad*, 19 N. Y. 341; *Barrett v. Railroad*, 45 N. Y. 630; *Dyer v. Railroad*, 71 N. Y. 228; Thompson on Carriers of Passengers, 273, *et seq.; Railroad v. Shacklet*, 105 Ill. 364; *Colgrove v. Railroad*, 20 N. Y. 492; *Webster v. Railroad*, 38 N. Y. 260; *Cooper v. Turnpike Co.*, 75 N. Y. 116; *Railroad v. Case*, 9 Bush, 728; *Turnpike Co. v. Stewart*, 2 Metc. (Ky.) 119; Patterson on Railway Acc. Law, sec. 357; *Hunt v. Railroad*, 14 Mo. App. 160; s. c., 89 Mo. 607. An instruction in the nature of a demurrer to the evidence, asked at the close of plaintiff's case, is waived, where defendant proceeds with his evidence and supplies the defects of plaintiff's case. *McCarthy v. Railroad*, 15 Mo. App. 385; *Cadmus v. Telegraph Co.*, 15 Mo. App. 86; *Bolt & Iron Co. v. Buell*, 8 Mo. App. 594; *Goodyear v. Finn*, 10 Mo. App. 226.

THOMPSON, J., delivered the opinion of the court.

This was an action for damages for personal injuries claimed to have been produced by the concurring negligence of the two defendants. The petition charges in substance that the defendants are corporations engaged in the business of common carriers of persons for hire, by means of horse-cars, upon certain streets of the city of St. Louis; that, on the twenty-ninth day of December, 1886, the said Lindell Railway Company received plaintiff upon one of its cars as a passenger, and that he paid the fare required of passengers; that, while a passenger on said car, the car in which he was riding, at the intersection of Vandeventer avenue and Morgan street, collided with the grip-car of the defendant, the

St. Louis Cable & Western Railway Company, and that, by reason of said collision, the plaintiff, who, having seen that said collision was likely to occur, had arisen from his seat and reached the doorway of said car, was thrown violently out of said car, upon the track of the defendant's road, and thereby suffered great injury, etc.

The answer of the St. Louis Cable & Western Railway Company is a general denial. The answer of the Lindell Railway Company is: (1) A general denial; (2) contributory negligence by the plaintiff; (3) that the plaintiff's injuries were brought about through the fault and neglect of its co-defendant, and without fault or neglect on its part.

The evidence at the trial tended to show that the defendant, the Lindell Railway Company, operates a line of street cars in the city of St. Louis, drawn by horses; and that the defendant, the St. Louis Cable & Western Railway Company, operates a line of street cars in St. Louis, the motor power of which is an underground cable, propelled by a stationary engine, to which cable its cars are attached, and from it detached, by means of a grip, operated by an employe called a "gripman", by means of a lever; that the accident took place after dark, in the evening; that the plaintiff had taken passage upon a car of the defendant, the Lindell Railway Company, which car was of the familiar pattern known as a "bobtail", drawn by two horses in charge of a driver; that the railway of the Lindell Company runs north and south on Vandeventer avenue, and that the railway of the Cable Company runs east and west on Morgan street, so that the tracks of the two companies cross each other at right angles at the intersection of Morgan street and Vandeventer avenue; that the conformation of the ground and the location of adjacent buildings is such that when a car of the Lindell Company, going north, reaches a point within sixty feet of the south track of the Cable Company which is used by its east-bound cars, the driver of the car of the Lindell Company can see to the west along the track of the Cable

Company for the space of one hundred and forty-three feet; that the cars of the Cable Company and the particular car which was involved in the accident carried a strong headlight lantern, capable of throwing a light along the street in front of the car to the distance of about half a block; and that when the cars of the Cable Company approach an intersecting street they sound a gong to warn travelers approaching their track at the intersection. On the evening of the accident the evidence tended to show there had been a slight fall of wet snow which had melted, leaving the tracks wet. The track of the Lindell Company, at its intersection with that of the Cable Company, and for some distance either way, is substantially level; but the track of the Cable Company approaches its intersection with the Lindell track from the west at a slight incline or down-grade. In this situation the car of the Lindell Company, in which the plaintiff was a passenger, was traveling north along Vandeventer avenue, at an ordinary rate of speed. The night was dark and cloudy. According to the testimony of the driver of the Lindell car, he saw the cable car approaching rapidly, from the west, at a distance of about seventy-five or one hundred feet away. He concluded that he could not stop his car before his horses would be upon the track of the Cable Company, and so he struck his horses with his lines and endeavored to get across the cable track ahead of the cable car. He did not succeed in doing this, but the cable car struck the hind part of his car, threw its hind wheels off the track, and threw the plaintiff from the rear door over upon the cable track, causing the injury for which he sues. According to the testimony of the gripman of the cable car, he saw the Lindell car approaching the intersection of the two tracks, after he had rung his first gong on approaching Vandeventer avenue, and when about forty feet from the intersection. He saw that the Lindell car was coming right along; that the driver of the Lindell car did not see him or pay any attention. Then, instead of loosening the grip of his

own car and applying the brake, he rang a second gong to alarm the driver of the Lindell car, whereupon the driver of the Lindell car put on the brake and slacked up. Seeing this, the gripman of the cable car applied the brake to his own car. The idea of the gripman was that he had the right of way, and so he started across. Then, according to his testimony, the driver of the Lindell car let off his brake and started again after the cable car had passed what the witness called the "little curve;" that the witness then rang and hollowed, "Look out!" and applied the lever, put on the brake, and tried to stop the train, and that it was nearly stopped when the collision occurred. In the meantime the driver of the Lindell car was whipping his horses with the lines and trying to get them over the cable track.

The court refused to withdraw the case from the jury, but submitted it to them on a very full series of instructions, in which we see nothing of which either appellant can complain.

I. It is obvious that there was evidence of negligence sufficient to take the question to the jury, as against both the defendants. It is almost demonstrably clear that, where the drivers of two street railway cars approach an intersection of their tracks, and each has the means of seeing the approach of the other in time to stop his own vehicle before arriving at the intersection, and has control of his own vehicle so as to be able to stop it, if a collision occurs, there is evidence of negligence in both drivers; since the drivers of the two vehicles are under an equal duty of avoiding the collision, and if either stops his vehicle before arriving at the intersection, there can be no collision. We have not referred to the evidence of other witnesses than the two drivers. If the evidence of either driver is true, the other driver was guilty of negligence; and we incline to think that, considering the established physical surroundings, the testimony of each driver—that

of the driver of the Lindell car and that of the "grip-man" of the cable car — was sufficient to take the question of his own negligence to the jury. The evidence plainly indicates that each saw, or might have seen, the other in time to avoid the accident by stopping; but each seems to have either regarded himself as entitled to the right of way, or else to have taken his chances of getting across before the arrival of the other. It is quite unnecessary to enlarge the discussion for the purpose of making it appear that, upon this evidence, it was not for the court, but for the jury, to say whether each defendant was, or was not, guilty of negligence.

II.   The Cable Company relies upon the doctrine of *Thorogood v. Bryan*, 8 Com. Bench. 115, by which the negligence of the driver of the Lindell car would be imputed to the plaintiff, because of his misfortune of being a passenger on that car, so as to bar his recovery of damages against the Cable Company. The doctrine of that case is thoroughly repudiated both in England and America. It was lately denied by the Supreme Court of the United States (*Little v. Hackett*, 116 U. S. 366), and overruled by the English Court of Appeal. *The Bennina*, 56 Law Times (N. S.) 158.

The rule there announced was contrary to the plainest conceptions of justice, and was founded in mere casuistry, and we have no disposition to attempt to revive it.

The judgment of the circuit court will be affirmed. Judge Rombauer concurs.   Judge Lewis is absent.